UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **E.M.,** <br><br> Plaintiff, <br><br> v. <br><br> **SHADY GROVE REPRODUCTIVE SCIENCE CENTER P.C.,** <br><br> Defendant. | Civil Action No. 24-956 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff E.M., a fifty-year-old woman, has long dreamed of having biological children. To that end, she began working with Defendant Shady Grove Reproductive Science Center P.C. in 2012 to have her eggs frozen. See ECF No. 1-1 (Mar. 2019 Compl.), ¶ 6. The relationship soured, and in March 2019 she sued the Center — proceeding under a pseudonym — for refusing to treat her and wrongfully terminating her as a patient. Id., ¶¶ 177–277; see also E.M. v. Shady Grove Reprod. Sci. Ctr. P.C., No. 19-657, ECF No. 1 (Notice of Removal) (D.D.C. Mar. 8, 2019). After she initiated that suit, Defendant allegedly continued refusing to treat her and, to make matters worse, initially would not agree to transport her frozen eggs to her new doctor unless she signed a form releasing Shady Grove from liability. See ECF No. 1 (Apr. 2024 Compl.), ¶¶ 6–11. After some back and forth, the Center ultimately agreed to transport her frozen eggs to her new doctor but apparently failed to follow its "multi-day quality control process" in doing so. Id., ¶¶ 22–23. She, accordingly, filed the instant suit earlier this month, seeking monetary damages and asserting numerous counts against Shady Grove: conversion, negligence and recklessness, breach of fiduciary duty, and negligent infliction of emotional

1

distress.  Id., ¶¶ 35–79.  Her Complaint "adopt[s] and incorporate[s]" the March 2019 Complaint "in its entirety, to avoid the need for unnecessary repetition of its allegations."  Id. at 1.

Because the case "involves a significant amount of highly sensitive medical information concerning both Plaintiff and J.S., the individual Plaintiff was hoping [would] be the father of her child," she has filed a Motion to Proceed Under Pseudonym.  See ECF No. 4 (Mot.) at 1.  The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

I.   **Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

[1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;

[2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

[3] the ages of the persons whose privacy interests are sought to be protected;

[4] whether the action is against a governmental or private party; and, relatedly,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

At this early stage, E.M. has met her burden to show that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity.

First, Plaintiff does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). The Complaint reveals "intimate or sensitive personal information" about E.M. of the kind "traditionally recognized under this factor, 'such as sexual activities, reproductive rights, bodily autonomy, [and] medical concerns.'" Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). Specifically, it discloses information about "the details of her intimate relationship with J.S., her fertility treatments, her menstrual cycles, [and] her miscarriages." Mot. at 2; see, e.g., Apr. 2024 Compl. (generally describing E.M.'s fertility treatment); Apr. 2024 Compl., ¶ 34 (revealing that her "medical providers have advised that she can no longer have biological children"); Mar. 2019 Compl., ¶ 34 (alleging that her natural pregnancy "tragically ended in miscarriage approximately one month after her 41st birthday"); Mar. 2019 Compl., ¶ 35

(describing her "sexually intimate" relationship with J.S.); Mar. 2019 Compl., ¶ 52 (describing timing of her menstrual cycles).

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiff and to "innocent non-parties," also counsels granting the Motion. See In re Sealed Case, 971 F.3d at 326 (cleaned up). In particular, E.M. fears that "the exposure of [her] identity" in connection with this litigation could harm her "personal life" and also "risks harm to J.S., an innocent non-party." Mot. at 3. To be sure, "[d]iscovery may well render [her] concerns unsupported and unwarranted," Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *3 (D.D.C. July 3, 2023), but the Court finds that E.M. has done enough at this early stage to show that revealing her name publicly poses a risk. This factor therefore supports letting her proceed under a pseudonym.

The third and fourth factors cut the other way. As to the third, Plaintiff acknowledges that her case does not implicate the privacy interests of any minors. See Mot. at 3. With respect to the fourth, Shady Grove is a private institution, which "presumably ha[s] concerns about [its] . . . reputation[]." Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019); cf. Doe v. De Amigos, LLC, 2012 WL 13047579, at *3 (D.D.C. Apr. 30, 2012) ("Whether the defendant is a governmental entity or a private defendant is significant because governmental bodies do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing.") (cleaned up).

The fifth factor, however, favors pseudonymity and seals the deal for E.M. Defendant would suffer no "risk of unfairness" if the Motion were granted because the Center — it seems — already knows her identity. See Mot. at 3; In re Sealed Case, 971 F.3d at 326 n.1 (this factor is "not implicated" where defendant knows plaintiff's identity). What is more, the Court agrees

with E.M. that "[p]ublic disclosure of [her] and J.S.'s [protected health information] is not necessary for [Shady Grove] to defend itself in this suit."  Mot. at 3.

The Court accordingly ORDERS that:

1. Plaintiff's [4] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file on the public docket a sealed declaration containing her real name and residential address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  April 9, 2024