**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| E.M., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-956 (RC) |
| | : | | |
| v. | : | Re Document No.: | 29 |
| | : | | |
| SHADY GROVE REPRODUCTIVE | : | | |
| SCIENCE CENTER, P.C., | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING SGF'S MOTION TO CLARIFY THE DISMISSAL ORDER**

**I. INTRODUCTION**

Plaintiff E.M.[1] files suit against Defendant Shady Grove Reproductive Science Center, P.C. ("Shady Grove," "SGF," or "Defendant"), alleging that the fertility center mishandled the transfer of her frozen eggs between March 2021 and January 2022 by delaying her formal transfer requests, imposing new conditions, and violating their agreement by transferring eggs without her consent. She claims that these actions caused emotional and reproductive harm, as she was ultimately told she could no longer conceive biologically. After withdrawing similar claims from an earlier lawsuit due to procedural issues, E.M. filed this separate action. Shady Grove moved to dismiss the claims as duplicative, time-barred, and insufficiently pled. On March 28, 2025, the Court issued a memorandum opinion and order where it denied E.M.'s motion to consolidate the cases but allowed her claims for conversion and breach of contract to

---

[1] The Court is permitting E.M. to proceed under a pseudonym because this lawsuit involves highly sensitive medical information concerning both E.M. and J.S., the individual she hoped would be the father of her child. *See* Mem. Op. and Order, ECF No. 5.

proceed, dismissing the remaining claims. Shady Grove is now seeking clarification of the opinion, suggesting that the conversion claims should also have been dismissed for failure to state claim. For the foregoing reasons, the Court confirms that the conversion claims, along with the breach of contract claims, survived Shady Grove's motion to dismiss, and Shady Grove's motion to clarify is granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In this action, E.M. alleges that Shady Grove mishandled the transfer of her frozen eggs between March 2021 and January 2022. First Am. Compl. ("FAC") ¶¶ 8, 13, 32, 68, ECF No. 17. She claims that Shady Grove delayed fulfilling her formal requests made on April 5 and May 22, 2021, and imposed new conditions not present in their original agreement. *Id*. ¶¶ 13, 38, 58, 69. E.M. asserts that after signing a transfer authorization on June 1, 2021, Shady Grove violated their agreement by sending three eggs to her new provider, Genetics and IVF Institute ("GIVF"), without her consent and outside of the standard operating procedures. *Id*. ¶¶ 58–61. Further delays occurred when she sought transfer of the remaining eggs in October 2021, and Shady Grove again imposed additional terms, leading to a final transfer only in January 2022. *Id.* ¶¶ 63, 68–71; Exs. 10–11 to FAC, ECF Nos. 17-10, 17-11. By then, she was advised that, due to her age, she could no longer conceive biological children. *Id.* ¶ 72.

E.M. alleges that these delays and unauthorized actions breached their agreement and caused emotional and reproductive harm. *Id.* ¶¶ 58–72. Many of these claims mirror those she sought to add to her earlier lawsuit, *E.M. v. Shady Grove Reproductive Science Center, P.C.*, No. 1:19-cv-657 (D.D.C.) ("*E.M. I*"), but after the Court indicated that her motion to amend was likely untimely, she withdrew it and filed this separate case instead. *E.M. I*, Pl.'s Mot. for Leave to File First Am. Compl., ECF No. 119; Notice of Withdrawal of Mot., ECF No. 134. Shady

2

Grove moved to dismiss, arguing the claims are duplicative, time-barred, and insufficiently pled. Def.'s Mot. to Dismiss Pl.'s First Am. Compl. ("Def.'s MTD"), ECF No. 19.

On March 28, 2025, this Court issued a memorandum opinion resolving the two motions that were ripe for review. Mem. Op., ECF No. 28. E.M.'s motion to consolidate the two cases (Pl.'s Mot. to Consolidate Cases, ECF No. 24) was denied, and the Court allowed E.M.'s claims for conversion (Counts I and VII) and breach of contract (Counts II and VIII) to proceed, while granting Shady Grove's motion to dismiss all other claims. Mem. Op., ECF No. 28. On April 8, 2025, SGF filed a motion to clarify the Court's memorandum opinion. Def.'s Mot. to Clarify Dismissal Order ("Mot. Clarify"), ECF No. 29. In its motion to clarify, Shady Grove seeks confirmation that the Court intended to dismiss E.M.'s conversion claims (Counts I and VII), which it contends were not explicitly addressed in the Court's prior opinion. *Id.* at 1–2. Shady Grove argues that, based on the Court's reasoning and its dismissal of all other tort claims, the conversion claims should likewise be dismissed for failure to state a claim. The Court finds that interpretation to be incorrect, and it holds that E.M.'s claims for conversion (Counts I and VII) and breach of contract (Counts II and VIII) survived the motion to dismiss stage.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure require plaintiffs to properly "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Instead, a court considering a Rule 12(b)(6) motion presumes that the complaint's factual allegations are true and construes them in the light most favorable to the plaintiff. *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000). Nevertheless,

"[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To that end, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of legal conclusions that are "couched as factual allegations," *see Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

## IV.  ANALYSIS

At issue is whether the Court, in its March 28, 2025 Memorandum Opinion and Order, inadvertently failed to address Shady Grove's argument for dismissal of E.M.'s Counts I and VII for conversion, which SGF contends fail to state a claim and should have been dismissed along with the other tort claims. Mem. Op. at 12–15. The Court denied Shady Grove's motion to dismiss E.M.'s two conversion claims on statute of limitations grounds. *Id.* Although Shady Grove argued that the claims accrued on March 17, 2021—outside the three-year statute of limitations window—the Court accepted E.M.'s allegation that the conversion did not occur until April 12, 2021, when Shady Grove formally refused her April 5, 2021 request to release her frozen egg without a liability waiver. *Id.* Because the complaint was filed within three years of that April 12 date, the claims were not conclusively time-barred on the face of the complaint. *Id.* The Court found that the factual disputes regarding when conversion accrued precluded dismissal at the pleading stage. *Id.* The Court now clarifies that, in addition to finding the

4

conversion claims timely, it also denies Shady Grove's motion to dismiss those claims for failure to state a claim.

The first conversion claim, Count I, asserts that on April 5, 2021, SGF unlawfully refused to release E.M.'s frozen eggs and medical records, demanding an unreasonable liability waiver before returning her property. FAC ¶¶ 11–12. She claims that SGF's refusal to accept her modified release form and return her property constitutes conversion, depriving her of access and control over her own biological materials. *Id.* ¶¶ 14–17. The second count of conversion, Count VII, alleges that on May 22, 2021, E.M. again demanded the return of her frozen eggs, but SGF unreasonably refused, insisting on a release of liability that Plaintiff refused to sign. *Id.* ¶¶ 37–39. E.M. claims that this refusal, which caused her to miss a critical opportunity to use the eggs for treatment, constitutes conversion, as it wrongfully denied her access to her property. *Id.* ¶¶ 39–41. Shady Grove argues that E.M. failed to allege the necessary elements to state claims for conversion because "SGF released and returned E.M.'s eggs on June 3, 2021 . . ." and "[w]ith such return of E.M.'s eggs pursuant to her demands, E.M. has failed to allege any fact at all that plausibly may compromise the complete or very substantial deprivation of any possessory rights E.M. had in her eggs." Def.'s MTD at 8.

To state a claim for conversion under District of Columbia law, a plaintiff must allege "'(1) an unlawful exercise; (2) of ownership, dominion, or control; (3) over the personal property of another; (4) in denial or repudiation of that person's rights thereto.'" *Johnson v. McCool,* 808 F.Supp.2d 304, 308 (D.D.C. 2011) (quoting *Gov't of Rwanda v. Rwanda Working Grp.,* 227 F.Supp.2d 45, 62 (D.D.C. 2002)); *see also Baltimore v. District of Columbia,* 10 A.3d 1141, 1155 (D.C. 2011). When the defendant's initial possession is lawful, the established rule is that, in the absence of other facts and circumstances independently establishing conversion, a demand

5

for the return of the property is necessary to make the possession unlawful and to demonstrate its adverse nature. *Shea v. Fridley*, 123 A.2d 358, 361 (D.C. 1956) (footnote omitted); *see also Savoy Const. Co. v. Atchison & Keller, Inc.,* 388 A.2d 1221, 1223 (D.C. 1988) (stating that plaintiff's version of facts justified a suit for conversion, because the evidence can support a finding that defendant unlawfully possessed plaintiff's property, and plaintiff's employee testified that he requested and was refused return of the property). "Where there has been no dispossession of property rights, there can be no action for conversion." *Kaempe v. Myers,* 367 F.3d 958, 964 (D.C. Cir. 2004).

      The Court finds that E.M. has adequately stated her conversion claims. First, E.M. has sufficiently pled that Shady Grove unlawfully exercised dominion and control over E.M.'s personal property—her cryopreserved eggs—by allegedly repeatedly refusing to return them to her after she made formal demands. While Shady Grove initially had lawful possession of the eggs, the refusal to return the eggs in response to E.M.'s demands could plausibly constitute an unlawful retention of that property. A refusal to return property after a demand for its return is plausibly sufficient to show an unlawful exercise of control. A conversion claim accrues "when the plaintiff demands the return of the property and the defendant refuses, or when the defendant takes some action that a reasonable person would understand to be ... conversion[.]" *Malewicz v. City of Amsterdam*, 517 F. Supp. 2d 322, 335 (D.D.C. 2007) (citing *In re McCagg*, 450 A.2d 414, 416 (D.C. 1982)). Similarly, here, as plausibly alleged in the Complaint, SGF's refusal to honor E.M.'s request for the return of her eggs in March 2021 and May 2021 reflects an unlawful exercise of control over her biological materials. SGF's insistence on an additional liability waiver—one that E.M. had not yet agreed to—further exacerbated the alleged improper assertion of control over the property.

Second, the property in question—E.M.'s frozen eggs—undoubtedly constitutes personal property belonging to E.M. As the owner of her own biological materials, E.M. has a clear and undisputed right to possess and control her eggs, and that right was allegedly denied by SGF's refusal to return the eggs as requested. *See Johnson*, 808 F. Supp. 2d at 308 (quoting *Gov't of Rwanda*, 227 F. Supp. 2d at 62) (holding that conversion involves unlawful control over personal property of another).

Third, E.M. has adequately alleged that SGF's actions amount to a clear denial and repudiation of E.M.'s rights to her own property. A denial of access to personal property after a request for its return can constitute a repudiation of the plaintiff's rights. *Savoy*, 388 A.2d at 1223. Here, SGF's refusal to return the eggs upon E.M.'s repeated requests, coupled with its imposition of an allegedly unreasonable condition (the liability waiver), plausibly denied E.M. her rights to control and access her eggs. Such alleged conduct is a plausible repudiation of her rights to her own biological materials. *See Baltimore*, 10 A.3d at 1155 (reinforcing that "[t]he tort of conversion involves an unlawful exercise of ownership, dominion, and control over the personalty of another in denial or repudiation of his right to such property.") (cleaned up).

SGF argues that because the eggs were eventually returned on June 3, 2021, any claim for conversion should be dismissed. Def.'s MTD at 8. However, this argument fails to account for the alleged unlawful deprivation of property that occurred during the period of refusal. An unlawful possession of property is sufficient to establish a claim for conversion, regardless of whether the property is eventually returned. Under District of Columbia law, conversion is defined as "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other full value of the chattel." *Edmonds v. United States*, 563 F. Supp. 2d 196, 202 (D.D.C.

2008) (quoting *Fed. Fire Protection Corp. v. J.A. Jones/Tompkins Builders, Inc.*, 267 F. Supp. 2d 87, 92 n. 3 (D.D.C. 2003)). Conversion focuses on the unauthorized exercise of control or dominion over property, regardless of whether the property is eventually returned. The critical issue is the alleged wrongful exercise of control and denial of E.M.'s right to access and use her property. The fact that the eggs were returned months later does not, as a matter of law, erase the alleged harm caused by SGF's initial refusal, especially given the alleged significant impact this delay had on E.M.'s ability to use her eggs for fertility treatments.

Furthermore, SGF's argument that E.M. must demonstrate harm or damage to state a claim for conversion is misplaced. Harm or damage is not an element of conversion. *O'Callaghan v. District of Columbia*, 741 F. Supp. 273, 279 (1990) ("The elements of conversion are: (1) an unlawful exercise, (2) of ownership, dominion, or control, (3) of the personal property of another, (4) in denial or repudiation of that person's rights thereto."). The tort of conversion focuses on the wrongful possession and control of the plaintiff's property, not on the harm caused by that deprivation. Therefore, E.M.'s allegation that SGF unlawfully withheld her eggs, denying her access to them at a critical time, is sufficient to state a claim for conversion. Moreover, the alleged harm to E.M.'s property right is itself sufficient to support a plausible conversion claim, and she plausibly alleges such harm through her allegation of SGF's initial refusal to return her eggs. *Id.* (supporting that SGF's refusal to return E.M.'s eggs constituted a "denial or repudiation of [her] rights thereto").

The facts alleged in E.M.'s Complaint satisfy the elements of conversion under District of Columbia law. SGF's alleged refusal to return E.M.'s eggs, coupled with its imposition of allegedly unreasonable conditions, plausibly alleges to an unlawful exercise of dominion and control over her personal property. Moreover, SGF's alleged actions plausibly constituted a

repudiation of E.M.'s rights to that property, and the eventual return of the eggs does not negate the allegedly unlawful deprivation. Therefore, the Court concludes that E.M. has adequately stated her claims for conversion, and SGF's motion to dismiss her conversion claims for failure to state a claim is denied.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Clarify the Dismissal Order (ECF No. 29) is **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 18, 2025                                       RUDOLPH CONTRERAS
                                                            United States District Judge